# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LLOYD SIMAS, | 1:08-cv-00625 DLB (HC) |
| Petitioner, | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS TIME-BARRED |
| v. | |
| MICHAEL MARTEL, Warden, | [Doc. 11] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.  (Doc. 13.)

RELEVANT HISTORY

Petitioner was convicted of committing a lewd and lascivious act on a child under the age of fourteen years and a sentencing enhancement was found true.  On March 28, 2003, Petitioner was sentenced to state prison for the determinate term of sixteen years.  (Lodged Doc. No. 1.)

Petitioner filed a timely notice of appeal, and on February 18, 2004, the California Court of Appeal, Fifth Appellate District, affirmed the judgment.  (Lodged Doc. No. 2.)  The California Supreme Court denied review on April 28, 2004.  (Lodged Doc. Nos. 3-4.)

Thereafter, Petitioner filed six state post-conviction collateral actions, and with the exception of the first petition, all were filed by Petitioner pro se.

The first state petition for writ of habeas corpus was filed on November 18, 2004, in the California Court of Appeal, Fifth Appellate District, which was denied on December 16, 2004. (Lodged Doc. Nos. 5-6.)

The second petition for writ of habeas corpus was filed on March 21, 2005, in the

1  California Supreme Court, and it was denied on February 22, 2006.  (Lodged Doc. Nos. 7-8.)

2         The third petition for writ of habeas corpus was filed in the Madera County Superior
3  Court on April 16, 2007, which was denied on April 20, 2007.  (Lodged Doc. Nos. 9-10.)

4         The fourth petition for writ of habeas corpus was filed on May 7, 2007, again in the
5  Madera County Superior Court, and the petition was granted on June 13, 2007.  (Lodged Doc.
6  Nos. 11-12.)  An amended abstract of judgment was issued on June 14, 2007.  (Lodged Doc. No.
7  13.)

8         The fifth petition for writ of habeas corpus was filed on May 15, 2007, in the California
9  Court of Appeal, Fifth Appellate District, and was denied on June 8, 2007. (Lodged Doc. Nos.
10 14-15.)

11        The sixth and final petition for writ of habeas corpus was filed in the California Supreme
12 Court on June 28, 2007, and was denied on December 12, 2007.  (Lodged Doc. Nos. 16-17.)

13        Petitioner filed the instant federal petition for writ of habeas corpus on May 5, 2008.
14 (Court Doc. 1.)  Respondent filed the instant motion to dismiss on July 14, 2008, and Petitioner
15 did not file an opposition.  (Court Doc. 11.)

16                            DISCUSSION

17 A.      Procedural Grounds for Motion to Dismiss

18        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a
19 petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not
20 entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing Section 2254 Cases.

21        The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer
22 if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of
23 the state's procedural rules.  See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990)
24 (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White
25 v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review
26 motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12
27 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a
28 response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F.

1  Supp. at 1194 & n. 12.

2  In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C.
3  2244(d)(1)'s one-year limitations period. Therefore, the Court will review Respondent's motion
4  to dismiss pursuant to its authority under Rule 4.

5  B.    Limitation Period for Filing a Petition for Writ of Habeas Corpus

6  On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act
7  of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas
8  corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059,
9  2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118
10 S.Ct. 586 (1997). The instant petition was filed on May 5, 2008, and thus, it is subject to the
11 provisions of the AEDPA.

12 The AEDPA imposes a one year period of limitation on petitioners seeking to file a
13 federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244,
14 subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In most cases, the limitation period begins running on the date that the petitioner's direct
review became final. Here, on April 28, 2004, the California Supreme Court denied review.

3

(Lodged Doc. No. 4.)  Thus, direct review would conclude on July 27, 2004, when the ninety (90) day period for seeking review in the United States Supreme Court expired.[1] Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999) (concluding period of "direct review" includes the period within which one can file a petition for a writ of certiorari in the United States Supreme Court); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998).  Petitioner would have one year from July 28, 2004, absent applicable tolling, in which to file his federal petition for writ of habeas corpus.  See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation of statutory tolling applicable to the one year limitations period.)  Thus, the last day to file a federal petition for writ of habeas corpus was on July 27, 2005, plus any time for tolling.

C.   Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

Here, as stated above, Petitioner filed six state petitions during the one-year limitations

---

[1] See U.S. Sup.Ct. R. 13(1)

period.

### 1. Tolling During Time First Petition Was Pending

The first petition for writ of habeas corpus filed in the California Court of Appeal, Fifth Appellate District, was denied without prejudice, stating that Petitioner failed to demonstrate that his remedy is inadequate of filing a petition in the superior court seeking any relief he might be entitled after the California Supreme Court determines *People v. Black* (S126182) and *People v. Towne* (S125677). (Lodged Doc. No. 6.)  Respondent initially argues that the first and second petitions were not properly filed and, thus, have no tolling consequence, based on the state appellate court's exercise of discretion to refuse to issue a writ of habeas corpus on the ground that the application should be made in a lower court in the first instance. (Motion, at 5, citing In re Hillery, 202 Cal.App.2d 293, 294 (1962).  The Court is unwilling to extend such an indefinite rule to the circumstances in this case and, in any event, as recognized by Respondent, even assuming the first and second petitions were properly filed, the instant petition is nonetheless untimely.  That being so, the first petition was filed on November 18, 2004, and was denied on December 16, 2004, which would entitle Petitioner to 29 days of statutory tolling. (Lodged Doc. Nos. 5-6.)

### 2. No Tolling During Period Between Denial of First Petition And Filing of Second Petition

As Respondent correctly argues, Petitioner is not be entitled to tolling from the date the first petition was denied on December 16, 2004, to March 15, 2005, the date the second petition was filed (under the mailbox rule), as Petitioner was not proceeding in a diligent and reasonable manner by delaying 88 days. (Lodged Doc. Nos. 6-7.)  "[A] state petition is only 'pending' if filed within a 'reasonable time.'" Culver v. Director of Corrections, 450 F.Supp.2d 1135, 1140 (C.D. Cal. 2006), citing Carey v. Saffold, 536 U.S. 214, 221 (2002).  Because the state court did not indicate whether the state petition was timely, this Court "must decide whether the filing of the request for state-court appellate review was made within what California would consider a 'reasonable time.'" Evans v. Chavis, 546 U.S. 189, 198 (2006).  Here, Petitioner provides no explanation or justification for the 88 days delay in filing his second petition, and such delay

appears to be unreasonable under California law.  See e.g. Gaston v. Palmer, 447 F.3d 1165 (9th Cir. 2006) (holding that unexplained delays of 18, 15, and 10 months between filings were unreasonable); Forrister v. Woodford, 2007 WL 809991, *2-3 (E.D. Cal. 2007) (88 day delay unreasonable); Jackson v. Ollison, 2007 WL 433188, *5 (S.D. Cal. 2007) (8 month delay unreasonable and tolling inappropriate); Culver v. Director of Corrections, 450 F.Supp.2d 1135, 1140-41 (C.D. Cal. 2006) (finding delays of 97 and 71 days unreasonable).

       3.   Tolling During Period of Time Second Petition Was Pending

Then, under the mailbox rule the limitations period was tolled while the second petition was pending from March 15, 2005, the date it was signed, to February 22, 2006, the date it was denied, resulting in 345 days. (Lodged Doc. Nos. 7-8.)

       4.   No Gap Tolling During Period of Time Between Denial of Second Petition And Filing of Third Petition

The second petition was denied on February 22, 2006 and the third petition was not filed under the mailbox rule until April 12, 2007, thirteen months thereafter.  (Lodged Doc. No. 9.) For the same reasons explained above, such an unexplained and unjustified delay is not reasonable under California law, and Petitioner is not entitled to statutory tolling.  See e.g. Gaston v. Palmer, 447 F.3d 1165 (9th Cir. 2006) (holding that unexplained delays of 18, 15, and 10 months between filings were unreasonable); Forrister v. Woodford, 2007 WL 809991, *2-3 (E.D. Cal. 2007) (88 day delay unreasonable); Jackson v. Ollison, 2007 WL 433188, *5 (S.D. Cal. 2007) (8 month delay unreasonable and tolling inappropriate); Culver v. Director of Corrections, 450 F.Supp.2d 1135, 1140-41 (C.D. Cal. 2006) (finding delays of 97 and 71 days unreasonable).

       5.   Limitations Period Expired

Giving Petitioner the benefit of the applicable statutory tolling for the period the first and second petitions were pending (29 & 345 = 374) days, the one-year limitations period expired on August 5, 2006.  The subsequent filings of the fourth through sixth petitions, do not serve to toll the limitations period as the earliest of the petitions was not filed until April 2007, over eight months after the limitations period expired. (Lodged Doc. Nos. 9-17.)  Jiminez v. Rice, 276 F.3d

6

1  478, 482 (9th Cir. 2001) (no tolling for state filings after the statute of limitations ended).

2  Moreover, even after the last state court filing, Petitioner delayed an additional 139 days, to file the instant federal petition in this Court on April 29, 2008 (under the mailbox rule), which is not subject to statutory tolling.  See Nino v. Galaza, 183 F.3d 1003, 1007 (9th Cir. 1999). Although Petitioner filed a previous federal petition in this Court on November 5, 2004, which was subsequently dismissed on March 31, 2008, pursuant to Petitioner's motion for voluntarily dismissal, it does not serve to toll the limitations period.  See Duncan v. Walker, 533 U.S. 167 (2001) (petition for federal habeas corpus relief does not statutorily toll the limitations period pursuant to 28 U.S.C. § 2244(d)(2)).

D.  Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

Here, Petitioner does not argue and the Court finds no reason to equitably toll the limitations period.

ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Respondent's motion to dismiss the instant petition as time-barred under § 2244(d), is GRANTED; and

2. The instant petition for writ of habeas corpus is DISMISSED, with prejudice.

IT IS SO ORDERED.

Dated:   **August 25, 2008**             /s/ **Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE

7